UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TRAVIS HOLLEY | CASE NO: 0:24-cv-02807-MGL |
| Plaintiff, | |
| | Complaint |
| vs. | |
| WINTHROP UNIVERSITY | |
| Defendant | |

The Plaintiff, complaining of the Defendant herein, would respectfully allege as follows:

**PARTIES AND JURISDICTION**

1. The Plaintiff, Travis Holley, is a disabled veteran who suffers from PTSD and bipolar II disorder. Mr. Holley is a citizen and resident of York County, South Carolina.

2. Upon information and belief, Defendant Winthrop University is a University in the State of South Carolina which receives federal funds.

3. This action arises under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act which prohibits discrimination against individuals with disabilities.

4. Subject Matter jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 which gives the District Court jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

1

5. Venue lies within the Rock Hill Division pursuant to 28 USC Section 1391, because the defendants and plaintiff reside in the Rock Hill Division and the circumstances giving rise to this action occurred in the Rock Hill Division

### FACTUAL ALLEGATIONS

6. On or about January 10, 2022 Plaintiff became a student at Winthrop University majoring in Professional Studies. Plaintiff is currently in the process of pursuing a graduate certificate in creative writing.

7. On or about January 10, 2024 Plaintiff became a student in an Advanced Fiction Writing Class taught by Professor Dustin Hoffman.

8. On or about January 29, 2024, Plaintiff submitted an assessment in discourse of another student's fiction writing (required commentary) to Professor Hoffman.

9. Pursuant to Professor Hoffman's instructions, Plaintiff was creative in his required commentaries.

10. Following Plaintiff's submission of his required commentary, Plaintiff followed up with Professor Hoffman to discuss it. During the course of this conversation, Plaintiff revealed to Professor Hoffman that he was a disabled veteran. Although Plaintiff had not previously registered his disability status with the University, during this conversation he directly told Professor Hoffman that he was a disabled veteran which directly placed Professor Hoffman on notice of his disability status. Immediately after this disclosure, Professor Hoffman's demeanor towards Plaintiff changed as his expression went from engaged to neutral and his tone became hostile.

11. On or about January 31, 2024, Professor Hoffman requested to meet with Plaintiff. During this meeting, Professor Hoffman told Plaintiff that he would no longer be allowed to use

2

any cursing, suggestive devices, or expressive literary tools and colorful metaphors in his writing. This was a surprise to Plaintiff as Professor Hoffman expressly told all of the students in the class that they would be able to use such devices at the beginning of the semester. It was clear that Plaintiff was now being singled out and kept from using these expressive devices in his writing due to his disability status. And his express statements of his disability status to Professor Hoffman. This was an express violation of the ADA and Section 504 of the Rehabilitation Act.

12. The ban on Plaintiff's creative expression caused Plaintiff great emotional distress and aggravated his already fragile disabilities as he was already an "eggshell" Plaintiff who took great umbrage to being singled out in such a manner.

13. As a result of Plaintiff being singled out due to his disability, Plaintiff made a report to the University President, Dr. Edward Serna, and Dean Amber Slack but his complaints were rebuffed and nothing was done to address his complaints. In fact, Professor Hoffman's discriminatory practices were allowed to persist.

14. Shortly following, Plaintiff's reports to the University of disability harassment, his creative writing papers began to leak to the public in violation of the terms of his agreement with the University by and through his syllabus which caused him further distress. Plaintiff perceived this as retaliation as a result of his complaints.

15. To date, the University has not resolved Plaintiff's complaints of harassment and discrimination and Plaintiff has had to undergo intensive counselling and therapy as a result of being singled out and harassed by Professor Hoffman. Plaintiff seeks damages as a result of his unlawful treatment.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT

(Violation of Section 504 of the Rehabilitation Act of 1973)

16. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

17. Plaintiff is an individual with a disability as defined under Section 504 of the Rehabilitation Act of 1973.

18. Defendant is a school that receives federal financial assistance and is subject to the provisions of Section 504 of the Rehabilitation Act.

19. Plaintiff alleges that Defendant has engaged in the discriminatory practices prohibited by Section 504 of the Rehabilitation Act as stated more fully above and by singling out and harassing Plaintiff by preventing Plaintiff from using creative literary devices and cursing in his writing unlike nondisabled students after Plaintiff expressly indicated to Professor Hoffman (a representative of the University) that he was a disabled veteran. Moreover, he was retaliated against when the University leaked his papers in violation of his syllabus in violation of the Act.

20. Plaintiff respectfully requests a declaration that Defendant's actions violate Section 504 of the Rehabilitation Act, an injunction requiring Defendant to cease all discriminatory practices and provide reasonable accommodations to ensure equal access for all individuals with disabilities, compensatory damages for the harms suffered by Plaintiff as a result of the discrimination, attorney's fees and costs incurred in bringing this action, any other relief deemed just and proper by the court.

## FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT

(Violation of the ADA)

21. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

22. Plaintiff is an individual with a disability as defined under Americans with Disabilities Act.

23. Defendant is subject to the provisions of the Americans with Disabilities Act.

24. Plaintiff alleges that Defendant has engaged in the discriminatory practices prohibited by the Americans with Disabilities Act as stated more fully above and by singling out and harassing Plaintiff by preventing Plaintiff from using creative literary devices and cursing in his writing unlike nondisabled students after Plaintiff expressly indicated to Professor Hoffman (a representative of the University) that he was a disabled veteran. Moreover, he was retaliated against when the University leaked his papers in violation of his syllabus in violation of the Act.

25. Plaintiff respectfully requests a declaration that Defendant's actions violate the ADA, an injunction requiring Defendant to cease all discriminatory practices and provide reasonable accommodations to ensure equal access for all individuals with disabilities, compensatory damages for the harms suffered by Plaintiff as a result of the discrimination, punitive damages, attorney's fees and costs incurred in bringing this action, any other relief deemed just and proper by the court.

## **JURY TRIAL REQUEST**

26. Plaintiff requests a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a declaration that Defendant's actions violate the ADA and Section 504 of the Rehabilitation Act of 1973, an injunction requiring Defendant to cease all discriminatory practices and provide reasonable accommodations to ensure equal access for all individuals with disabilities, compensatory damages for the harms suffered by Plaintiff as a result of the discrimination, punitive damages, attorney's fees and costs incurred in bringing this action, any other relief deemed just and proper by the court.

RESPECTFULLY BY:

April 27, 2024

s/Aaron V. Wallace
Aaron V. Wallace (11469)
Wallace Law Firm
1501 Main Street, Suite 521
Columbia, SC 29201
PH 803-766-3997
Fax:839-218-5786
awallace@wallacefirmsc.com